IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00860 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| OPHERRO JONES (03), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant/Petitioner Opherro Jones's ("Jones" or "Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on June 9, 2016. [Dkt. no. 1011.] Jones filed a Memorandum in Support of the § 2255 Motion on April 24, 2017. [Dkt. no. 1105.] Plaintiff/Respondent the United States of America ("the Government") filed its response to the § 2255 Motion ("Response") on May 9, 2017, and a Supplemental Memorandum in Opposition ("Supplemental Response") on May 12, 2017. [Dkt. nos. 1115 (sealed), 1116.] Jones filed his reply on May 15, 2017. [Dkt. no. 1117.] Jones's § 2255 Motion is hereby denied, and a certificate of appealability is also denied, for the reasons set forth below.

**BACKGROUND**

On September 12, 2013, Jones and seventeen others ("Defendants") were charged in a multi-count indictment. [Dkt. no. 1.] Jones was charged with: racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count 1"); and violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2 ("Count 4"). The Indictment alleged that Defendants "were members and associates of a criminal organization in Hawaii known as the 'USO Family,'" an enterprise that the Indictment described as "the dominant prison gang in the District of Hawaii and . . . a major prison gang nationally." [Indictment at ¶¶ 1, 3.] Among the USO Family's primary activities were selling controlled substances and other contraband within the prisons and the filing of fraudulent tax returns. [Id. at ¶¶ 5-6.] Count 1 alleged that Jones and five other Defendants "knowingly and intentionally conspired . . . to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity," including: mail and wire fraud; possession, with intent to distribute, methamphetamine and marijuana; conspiracy to possess, with intent to distribute, methamphetamine and marijuana; and bribery. [Id. at pgs. 7-9.] Count 4 alleged that Jones and four other Defendants "for the purpose of gaining entrance to, and maintaining and increasing

position within the USO Family . . . unlawfully and knowingly assaulted, and aided and abetted in assault, resulting in serious bodily injury upon B.L." [Id. at pgs. 12-13.]

Jones initially entered a plea of not guilty, [Minutes, filed 9/24/13 (dkt. no. 48), at 2] but, on March 28, 2014, he withdrew his plea and pled guilty to Count 1, pursuant to a plea agreement. [Dkt. nos. 243 (Minutes), 246 (Memorandum of Plea Agreement ("Plea Agreement")).] The Plea Agreement stated the Government intended to argue at sentencing that Jones was a career offender, but Jones was free to contest that point. [Plea Agreement at ¶ 10.b(i).] Jones's guilty plea was accepted and he was adjudged guilty on April 15, 2014. [Dkt. no. 261.]

Jones's sentencing hearing was held on May 27, 2015. The Plea Agreement was accepted and the factual findings in the presentence report were adopted. [Minutes, filed 5/27/15 (dkt. no. 913) ("Sentencing Minutes"); Presentence Investigation Report ("PSR"), filed 6/3/15 (dkt. no. 916).] The PSR found that Jones's base offense level was fourteen, with: a two-level increase because methamphetamine and marijuana were smuggled into a prison facility for distribution to other inmates; a two-level increase because Jones, and others associated with the USO Family, bribed prison guards to facilitate the commission of the offense; and a four-level increase because Jones was considered one of the organizers or leaders of the offense. His adjusted

offense level was therefore twenty two.  [Id. at ¶¶ 81-87.]
However, Jones was determined to be a career offender, making his
offense level thirty two.  [Id. at ¶ 98 (citing United States
Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 4B1.1).]
After a total decrease of three levels for acceptance of
responsibility, Jones's total offense level was twenty-nine.
[Id. at ¶¶ 99-101.]  His criminal history category was VI because
he was a career offender, but his criminal category would have
been VI based on criminal history points.  [Id. at ¶¶ 113-15.]
Jones's imprisonment range under the Guidelines was therefore 151
to 188 months, and his range for supervised release was 1 to 3
years.  [Id. at ¶¶ 139, 142.]  The Government's motion for a
downward departure was granted, reducing Jones's offense level to
twenty-seven, resulting in a Guidelines sentencing range of 130
to 162 months.  [Sealed Motion for a Downward Departure and
Sentencing Recommendation Pursuant to USSG § 5K1.1 and 18 U.S.C.
§ 3553(a), filed 1/28/15 (dkt. no. 839), at 5; Trans. of 5/27/15
Sentencing Hrg. ("Sentencing Trans."), filed 5/10/17 (dkt. no.
1114), at 45.]  This Court further varied downward in its
discretion to avoid sentencing disparity.  [Sentencing Trans. at
45.]

Jones was sentenced to 110 months of imprisonment and 3
years of supervised release, and he was ordered to pay $4,576.00
in restitution, and a $100 special assessment.  The Government's

oral motion to dismiss Count 4 was also granted.  [Sentencing Minutes at 2, 4.]  The Judgment in a Criminal Case ("Judgment") was filed on May 29, 2015.  [Dkt. no. 914.]  Jones did not file an appeal.

In the § 2255 Motion, filed on June 9, 2016, Jones contended that the career offender enhancements to his sentence violated his due process rights, in light of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"), and Welch v. United States, 136 S. Ct. 1257 (2016).  Jones asserted that the residual clause of U.S.S.G. § 4B1.2 was applied at his sentencing and "the residual clause is void ab initio" under Johnson and Welch.[1]
[§ 2255 Motion at 5.]  In his subsequent Memorandum in Support, Jones changed his argument.[2]  Jones recognizes that Beckles v.

---

[1] At the time of Jones's sentencing, § 4B1.2(a) stated:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> > (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (11/1/15).

[2] Consideration of the merits of Jones's § 2255 Motion was stayed pending the United States Supreme Court's decision in
(continued...)

United States, 137 S. Ct. 886 (2017), "holds that the void-for-vagueness doctrine animating Johnson . . . does not apply to the Guidelines." [Mem. in Supp. of § 2255 Motion at 4.] Thus, Jones now argues "his sentence violates due process because the career offender guideline's residual clause is so inscrutable it produces an arbitrary and unreliable starting point and, ultimately in his case, a substantively unreasonable sentence." [Mem. in Supp. of § 2255 Motion at 22-23.]

The Government responds that: because the Memorandum in Support raises new claims, it is an amended motion, and it is untimely; even if the amended motion is timely, the new claims are procedurally barred; the Plea Agreement waived Jones's right to bring collateral challenges to his sentence; and, if this Court reaches the merits of Jones's new claims, his Guidelines sentencing range was correctly determined.

**STANDARD**

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

²(...continued)
Beckles v. United States, No. 15-8544 (June 27, 2016). The Supreme Court's decision in Beckles automatically lifted the stay. [Order Re: Holding Merits Review on Guideline and Section 924(c) United States v. Johnson Claims in Abeyance Pending Decision in Beckles v. United States, filed 7/8/16 (dkt. no. 1041), at 1.]

>     without jurisdiction to impose such sentence, or
>     that the sentence was in excess of the maximum
>     authorized by law, or is otherwise subject to
>     collateral attack, may move the court which
>     imposed the sentence to vacate, set aside or
>     correct the sentence.

This district court has described the standards applicable to § 2255 motions as follows:

> A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal quotation marks and citation omitted), or if the issues can be conclusively decided on the basis of the evidence in the record. See United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." United States v. Rodriques, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

United States v. Sherman, Cr. No. 16-00169 JMS, 2017 WL 4560150, at *1 (D. Hawai`i Oct. 12, 2017) (alteration in Sherman).

The issues raised in Jones's § 2255 Motion are legal issues that "can be conclusively decided on the basis of the evidence in the record," including the record of the underlying

7

proceedings. See Mejia-Mesa, 153 F.3d at 929. An evidentiary hearing is therefore unnecessary in this case.

**DISCUSSION**

**I.   Timeliness of the § 2255 Motion**

The one year period for a defendant to file a § 2255 Motion runs from the latest of:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). The original § 2255 Motion asserted that it was timely under § 2255(f)(3) because it was based on Johnson, which applies retroactively to cases on collateral review, pursuant to Welch. [§ 2255 Motion at 13.] However, in the Memorandum in Support, Jones argues that the § 2255 Motion is timely under § 2255(f)(1), without consideration of Johnson and Welch. [Mem. in Supp. of § 2255 Motion at 5.]

The Judgment in this case was entered on May 29, 2015. Because Jones did not file a direct appeal, his conviction became

8

final when the time to file a direct appeal expired, see United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015), fourteen days later on June 12, 2015, see Fed. R. App. P. 4(b)(1)(A)(i). Because Jones filed his § 2255 Motion within one year of that date, his motion is timely.

The Government argues that the April 27, 2017 Memorandum in Support effectively amended the June 9, 2016 § 2255 Motion, and the amended motion is not timely under § 2255(f)(1). Although the § 2255 Motion asserts that the residual clause of U.S.S.G. § 4B1.2 is void ab initio under Johnson and the Memorandum in Support now advances a different theory, both the § 2255 Motion and the Memorandum in Support contend that Jones's sentence violates his due process rights because he was improperly sentenced as a career offender. Jones merely changed the legal argument in support of his "claim" that his sentence violates his due process rights. The Government's arguments that the Memorandum in Support raises a new "claim" in an untimely amended § 2255 motion, and its argument that the Memorandum in Support improperly amended Jones's § 2255 Motion without leave of court, are therefore rejected.

## II. **Procedural Bar**

The Government argues that the arguments Jones raises in the Memorandum in Support are procedurally barred because he did not raise them in a direct appeal. "Where a defendant has

procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted).

> Generally, to demonstrate "cause" for procedural default, an appellant must show that "some objective factor external to the defense" impeded his adherence to the procedural rule. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).[3] However, if the record shows that an appellate counsel's performance fell below the standard of competency of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for his procedural default. See Murray, 477 U.S. at 488, 106 S. Ct. 2639 ("Ineffective assistance of counsel, then, is cause for a procedural default."); Correll v. Stewart, 137 F.3d 1404, 1416 (9th Cir. 1998) (citing Murray, 477 U.S. at 488, 106 S. Ct. 2639, for the proposition that "ineffective assistance of counsel may constitute cause"); Allen v. Risley, 817 F.2d 68, 69 (9th Cir. 1987) ("'Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default.'") (quoting Murray, 477 U.S. at 492, 106 S. Ct. 2639). . . .

United States v. Skurdal, 341 F.3d 921, 925-26 (9th Cir. 2003).

### A. **Ineffective Assistance as Cause**

Because Jones did not file an appeal, there is no evidence that appellate counsel rendered ineffective assistance.

---

[3] Murray was superseded on other grounds by the Antiterrorism and Effective Death Penalty Act. See, e.g., United States v. Gonzalez-Largo, No. 2:07-cr-0014 JCM (RJJ), 2012 WL 3245522, at *2 (D. Nev. Aug. 7, 2012).

Further, there is no evidence in the record – nor does Jones allege – he was denied the representation of counsel to file an appeal.  As to the proceedings prior to Judgment, although the Plea Agreement reserved Jones's right to object to a career offender designation at sentencing, Jones did not object to the PSR's finding that he was a career offender.  [Sentencing Statement, filed 5/8/15 (dkt. no. 908) (stating that Jones "has no objections to the presentence investigation report prepared on October 23, 2014").]  Jones argued that a reduction or variance from the Guidelines sentencing range was appropriate because, *inter alia*, his "classification as a career offender overstates his criminal history."  [Sentencing Mem., filed 5/20/15 (dkt. no. 911), at 3.]  At the sentencing hearing, Jones's counsel did not contest the career offender determination.  See, e.g., Sentencing Trans. at 16 ("He's a career offender and never had much of a career other than offending."); id. at 29 ("what separates him a little bit apart from all this, again, is this career offender label that has tripped him up").  Whether a challenge to the career offender determination could have been raised in a direct appeal and, if so, whether the failure to file an appeal constituted ineffective assistance, are not before the Court at this time because Jones does not assert ineffective assistance of counsel as the "cause" excusing his procedural default.

**B.   Novel Claims as Cause**

Cause can also exist "where a constitutional claim is so novel that its legal basis [wa]s not reasonably available to counsel" prior to habeas proceedings. Reed v. Ross, 468 U.S. 1, 16 (1984). A claim is "novel" under the following circumstances:

> First, a decision of this Court may explicitly overrule one of our precedents. United States v. Johnson, 457 U.S.[ 537,] 551, 102 S. Ct.[ 2579,] 2588 [(1982).[4]] Second, a decision may "overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." Ibid. And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases." Ibid. By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted.

Id. at 17 (some alterations in Reed).

In response to the Government's procedural bar argument, Jones asserts there was cause excusing his failure to challenge his career offender determination in a direct appeal because Johnson was not decided until after the time to file his direct appeal expired. [Reply at 5.] Johnson established a new substantive rule that applies retroactively. Welch, 136 S. Ct.

---

[4] United States v. Johnson, 457 U.S. 537 was abrogated on other grounds by Griffith v. Kentucky, 479 U.S. 314, 328 (1987). United States v. Cornejo, 196 F. Supp. 3d 1137, 1148 (E.D. Cal. 2016) (citing Roman v. Abrams, 822 F.2d 214, 227 (2d Cir. 1987)).

12

at 1268. Courts have recognized that there is cause excusing a habeas petitioner's failure to raise a Johnson claim on direct review before Johnson was decided because it is a novel claim. See, e.g., Wade v. United States, 242 F. Supp. 3d 974, 978 (C.D. Cal. 2017). However, the holding in Johnson was that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because the residual clause is void for vagueness. 135 S. Ct. at 2563; see also Welch, 136 S. Ct. at 1260-61 (describing the holding in Johnson). That new substantive rule does not support Jones's § 2255 Motion because he challenges the determination at sentencing that he is a career offender under the residual clause of U.S.S.G. § 4B1.2(a). See Beckles, 137 S. Ct. at 895 ("we hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness").

In spite of the holding in Beckles, Jones contends that the Johnson analysis still applies to "the career offender's identically worded residual clause, even though the void-for-vagueness doctrine has no play." [Mem. in Supp. of § 2255 Motion at 22.] Jones relies extensively on quotations from Johnson, see, e.g., id. at 19-20, and he therefore contends he is asserting the type of novel claim that constitutes cause excusing

his failure to raise the challenge on direct appeal.  He is mistaken.  The crux of the § 2255 Motion is that the enhancement of Jones's sentence based on his career offender determination violated his due process rights because the residual clause of § 4B1.2(a) resulted in arbitrary findings, based on unreliable information, that his prior convictions were "crimes of violence."  See, e.g., id. at 21; Reply at 2.  Although Jones uses quotations from Johnson to support this claim, Johnson did not create his claim.  Thus, Jones could have raised his claim in a direct appeal, and his claim is not the type of novel claim that constitutes cause for purposes the procedural default analysis.

Because both cause and prejudice are required, Bousley, 523 U.S. at 622, and Jones has failed to establish cause, it is not necessary to address prejudice.  Jones's challenge to his career offender determination is precluded by the procedural default doctrine.  In light of this ruling, this Court cannot address the merits of Jones's § 2255 Motion, and the motion must be denied.

### III. Certificate of Appealability

This district court has stated that:

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA").  See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability

14

> when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Leon v. United States, Civ. No. 15-00099 JMS-BMK, 2015 WL 3965895, at *9-10 (some alterations in Leon). Reasonable jurists would not find that the rulings in this Order regarding Jones's § 2255 Motion are debatable. A certificate of appealability therefore will not be issued.

## **CONCLUSION**

On the basis of the foregoing, Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

15

Person in Federal Custody, filed June 9, 2016, is HEREBY DENIED. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. OPHERRO JONES; CR 13-00860(03) LEK; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**